# In the United States Court of Federal Claims

**OFFICE OF SPECIAL MASTERS**

| | | |
|---|---|---|
| * * * * * * * * * * * * * * * * * * * * | | |
| TERESA PRIDE, | * | |
| | * | No. 19-1560V |
| Petitioner, | * | Special Master Christian J. Moran |
| | * | |
| v. | * | Filed: June 8, 2022 |
| | * | |
| SECRETARY OF HEALTH | * | Entitlement; dismissal. |
| AND HUMAN SERVICES, | * | |
| | * | |
| Respondent. | * | |
| * * * * * * * * * * * * * * * * * * * * | | |

Elaine Sharp, Whitfield, Sharp & Sharp, Marblehead, MA, for petitioner;
Nancy Tinch, U.S. Dep't of Justice, Washington, DC, for respondent.

**UNPUBLISHED DECISION DENYING COMPENSATION[1]**

Teresa Pride alleged that the influenza ("flu") vaccination she received on October 14, 2016, caused her to suffer shooting spinal pain, increased pain in her bilateral lower extremities, difficulty and/or inability to walk, nausea, vomiting, diarrhea, tachycardia, and aseptic inflammation. Pet., filed Oct. 7, 2019. On June 7, 2022, Ms. Pride moved for a decision dismissing her petition.

## I. Procedural History

Ms. Pride filed a petition for compensation on October 7, 2019. After Ms. Pride filed her initial medical records, she filed a status report clarifying that her alleged vaccine-induced injuries are aseptic reactive synovitis of the bilateral

---

[1] The E-Government, 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). This posting will make the decision available to anyone with the internet. Pursuant to Vaccine Rule 18(b), the parties have 14 days to file a motion proposing redaction of medical information or other information described in 42 U.S.C. § 300aa-12(d)(4). Any redactions ordered by the special master will appear in the document posted on the website.

knees, immune-mediated neuropathy, and chronic inflammatory demyelinating neuropathy ("CIDP").  Pet'r's Status Rep., filed May 25, 2021.

The Secretary filed his Rule 4(c) report contesting entitlement on June 28, 2021.  The Secretary noted that Ms. Pride's alleged injuries "appear to be symptoms rather than diagnoses."  Resp't's Rep., filed June 28, 2021, at 15.  He also noted that Ms. Pride was never diagnosed with immune-mediated neuropathy or CIDP.  Id.  A status conference was then held on July 1, 2021, during which Ms. Pride expressed interest in obtaining additional records from Knoxville Neurology to help clarify her diagnosis.

After several attempts to obtain the Knoxville Neurology records were unsuccessful, Ms. Pride filed a status report stating it is unclear whether her diagnosis is primarily a neurological condition or immunological condition.  Pet'r's Status Rep., filed Dec. 17, 2021.  Ms. Pride stated that she had retained an immunologist to review her medical records and help determine the diagnosis.  Id.  Ms. Pride filed the records from Knoxville Neurology on February 15, 2022.  Exhibit 10.

A status conference was held on February 15, 2022, to discuss the progress of the case.  Ms. Pride stated that she would provide her medical records to an immunologist to evaluate the case.  She represented that she would likely move to dismiss the case after conferring with the immunologist.

On June 7, 2022, Ms. Pride moved to dismiss her case.  Pet'r's Mot., filed June 7, 2022.  Ms. Pride stated that "[a]n investigation of the facts and science" revealed that Ms. Pride "will be unable to prove that she is entitled to compensation in the Vaccine Program."  Id. at ¶ 1.  She added that after obtaining neurology records and having a neurologist review them, she determined that "to proceed further in this forum would be unreasonable and would waste the resources of this Court, the Respondent, and the Vaccine Program."  Id.  This matter is now ready for adjudication.

## II. Analysis

To receive compensation under the National Vaccine Injury Compensation Program ("Program"), a petitioner must prove either 1) that the vaccinee suffered a "Table Injury"—i.e., an injury falling within the Vaccine Injury Table—corresponding to one of the vaccinations, or 2) that the vaccinee suffered an injury

that was actually caused by a vaccine. See §§ 300aa-13(a)(1)(A) and 300aa-11(c)(1). Under the Act, a petitioner may not be given a Program award based solely on the petitioner's claims alone. Rather, the petition must be supported by either medical records or by the opinion of a competent physician. § 300aa-13(a)(1).

In this case, Ms. Pride filed medical records in support of her claim. Nonetheless, Ms. Pride wishes to have her claim dismissed and judgment entered against her. Though Ms. Pride filed this motion pursuant to 42 U.S.C. § 300aa-21(a) (regarding voluntary dismissal), the undersigned will construe this as a motion filed pursuant to 42 U.S.C. § 300aa-21(b) (regarding involuntary dismissal), given Ms. Pride's clear intent that a judgment issue in this case, protecting her right to file a civil action in the future. See Pet'r's Mot. at ¶ 5.

To conform to section 12(d)(3), a decision must "include findings of fact and conclusions of law." Here, Ms. Pride was unable to clarify her diagnosis. There is no evidence in the medical records that Ms. Pride's neurologist diagnosed her with immune-mediated neuropathy or CIDP. See Resp't's Rep. at 15. Without a showing that the vaccinee suffered a medically recognizable injury that the vaccine allegedly caused, the remainder of the case becomes moot. See Broekelschen v. Sec'y of Health and Hum. Servs., 618 F.3d 1339, 1346 (Fed. Cir. 2010). Accordingly, the undersigned is not required to evaluate whether the flu vaccine can cause immune-mediated neuropathy or CIDP.

**Thus, the Motion for Decision is GRANTED and this case is DISMISSED WITH PREJUDICE for insufficient proof. The Clerk shall enter judgment accordingly.** See Vaccine Rule 21(b).

**IT IS SO ORDERED**.

                                          s/Christian J. Moran
                                          Christian J. Moran
                                          Special Master